UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON, ) | |
| ) | Case No. 2:16-cv-00622-RFB-NJK |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CITIBANK, N.A., INC., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff has also submitted a complaint. Docket No. 1-1.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A claim may be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, federal subject matter jurisdiction must exist at the time an action is commenced. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013). Further, as Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Here, the Complaint says that this Court's jurisdiction is conferred by 15 U.S.C. § 1681p. Docket No. 1-1 at 2. Actions brought under § 1681p may be asserted "not later than the earlier of . . . 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or . . . 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Plaintiff alleges that he obtained a judgment against Defendant "on April 17, 2013[,] in Las Vegas Justice Court" based on actions taken by Defendant on December 1, 2013. *Id*. Plaintiff filled this case on March 31, 2016. *Id*. If Plaintiff discovered the alleged violation that is the basis for liability on the date the prior judgment was entered, the latest this action could be brought under § 1681p was April 17, 2015. It appears from the face of the complaint that the statute of limitations in § 1681p has expired. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The only jurisdictional basis provided by Plaintiff is invalid. Therefore, Plaintiff has failed to carry his burden of showing that this case is properly in federal court.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for them. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 20, 2016**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, the Court's jurisdiction as well as each claim and the involvement of each defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: April 22, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge