

Ervin Middleton

2375 e. Tropicana Ave. # 358

Las Vegas, NV 89119

702-349-3562

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERVIN MIDDLETON, pro se,

      Plaintiff,

vs,

CITIBANK N.A. INC.

      Defendant.

_____/

2:16-cv-00622-RFB-NJK

**COMPLAINT**

### STANDARD OF REVIEW FOR UNREPRESENTED LITIGANT'S PLEADINGS

Pro se pleadings are requested to be construed by "less stringent standards". See *Haines v. Kerner*, 404 U.S. 519-20, (1972). Unrepresented litigant should be given a reasonable opportunity to remedy defects in his [or her] pleadings if the factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys. Implicit in the right of self representation is an obligation on the part of any court to make reasonable allowances to protect *unrepresented* litigants from inadvertent forfeiture of important Rights because of any lack of formal legal training. See *Traguth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983); *Hoffman v. U.S.*, 244 F.2d 378, 379 (9th Cir. 1957); *Darr v. Burford*, 339 U.S. 200 (1950).

In *Puckett v. Cox* , it was held that a unrepresented litigant's complaint requires a less stringent reading than

one drafted by a lawyer *(456* F2d 233 (1972 Sixth Circuit USCA said Justice Black in <u>Conley v. Gibson</u> . 355 U.S. 41 at 48(1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to rule 8(f) F.R.C.P. all pleadings shall be construed to do substantial justice. The Court also cited Rule 8(f) F.R.C.P., which holds that all pleadings shall be construed to do substantial justice.'

It could also be argued that to dismiss a civil rights action in which a serious factual pattern or allegation of a cause of action has been made would itself be violative of procedural due process as it would deprive an unrepresented litigant of equal protection of the law visa vis a party who is represented by counsel. In a fair system, victory should go to a party who has the better case, not the better representation.

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.* as well as for violations of NRS 598.0973 & 598.0977.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

## FACTUAL ALLEGATIONS

3. On December 1st , 2013, Defendant initiated a pull of Plaintiff's credit report from Experian and Equifax without permissible purpose.

4. Plaintiff obtained a judgment against Defendant on April 17, 2013 in Las Vegas Justice Court, case number 12A003446 for FDCPA violations.

## COUNT I

**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT** CITIBANK N.A. INC.

5. Paragraphs 1 through 4 are realleged as though fully set forth herein

6. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

7. CITIBANK N.A. INC. is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

8. CITIBANK N.A. INC. willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) CITIBANK N.A. INC. willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $2,000 against CITIBANK N.A. INC. for actual or statutory damages, punitive damages, fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II

**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANT DEBT COLLECTOR, L.L.C.**

9. Paragraphs 1 through 8 are realleged as though fully set forth herein.

10. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

11. CITIBANK N.A. INC.. is a furnisher of information within the meaning of the

FCRA, 15 U.S.C. §1681s-2.

12. CITIBANK N.A. INC. negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) CITIBANK N.A. INC. negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $2,000 against CITIBANK N.A. INC. for actual damages, fees and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Plaintiff demands judgment for damages against CITIBANK N.A. INC. for $2,000 for actual or statutory damages, and punitive damages, and costs, pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a)

### COUNT II

**VIOLATION OF NEVADA REVISED STATUTES (NRS), 598.0973 & 598.0977**

**DECEPTIVE TRADE PRACTICES AGAINST AN ELDERLY PERSON BY DEFENDANT CITIBANK N.A. INC.**

13. Paragraphs 1 through 12 are realleged as though fully set forth herein.

14. Plaintiff is elderly according to the definition of NRS 598.0933.

15. Plaintiff requests that the court take Judicial Notice of the website of the Consumer Financial Protection Bureau(CFPB), an executive branch of the government. In an article published July 21, 2015, the site reported: "CFPB Orders Citibank to Pay $700 Million in Consumer Relief for Illegal Credit Card Practices."

16. Plaintiff requests that the court take Judicial Notice of the website of the Consumer Financial Protection Bureau(CFPB), an executive branch of the government. In an article published February 23, 2016, the site reported: "CFPB Orders Citibank to Provide Relief to Consumers for Illegal Debt Sales and Collection Practices."

17. Because the Plaintiff obtained and collected a judgment against Defendant previously, Defendant had access to Plaintiff's information. Plaintiff has not had an account with Defendant since obtaining the judgment.

18. There is prior history between Plaintiff and Defendant, and Defendant's has shown a clear tendency towards illegal behavior.

WHEREFORE Plaintiff requests 100 times in damages for the previous 2 counts combined, or $400,000 together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 21st day of March, 2016

*/s/ Ervin Middleton*

Ervin Middleton
2375 e. Tropicana Ave. # 358
Las Vegas, NV 89119
702-349-3562