UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERVIN MIDDLETON, | ) | |
| | ) | Case No. 2:16-cv-00622-RFB-NJK |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CITIBANK, N.A., INC., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Pending before the Court is Plaintiff's motion for magistrate judge to reconsider. Docket No. 4. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, Plaintiff's motion is **DENIED**.

On March 21, 2016, Plaintiff filed an application for leave to proceed *in forma pauperis*, along with a complaint. Docket No. 1. On April 22, 2016, the Court granted Plaintiff leave to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915(e). Docket No. 2. The Court dismissed Plaintiff's complaint with leave to amend. *Id*. at 3. On April 29, 2016, Plaintiff filed a motion to reconsider, seeking reconsideration of the Court's April 22, 2016, Order. Docket No. 4.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386,

1388 (9th Cir. 1985). By the same token, however, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc*., 229 F.3d at 890.

Construing Plaintiff's motion liberally, the Court finds that it fails to meet the standard for reconsideration. Plaintiff's motion states dates and makes allegations that are not in his complaint. Upon reviewing Plaintiff's complaint and the Court's prior order, the Court finds it prior order was appropriate.

Plaintiff's argument appears to depend on a misconception regarding the Court's prior order. The Court's prior order did not result in the dismissal of Plaintiff's case. *See* Docket No. 4 at 1. Rather, the Court granted Plaintiff leave to file an Amended Complaint, if he believes that he can correct the noted deficiencies. Docket No. 2 at 3. Accordingly, the filing of an Amended Complaint, with all the relevant dates and allegations, is the proper procedural vehicle for Plaintiff to remedy the defective complaint.

**III.   CONCLUSION**

For the reasons discussed above, Plaintiff's motion, Docket No. 4, is **DENIED**. Plaintiff may file an Amended Complaint, no later than May 20, 2016, if he believes he can correct the deficiencies the Court noted in its prior order.

IT IS SO ORDERED.

DATED: May 3, 2016

NANCY J. KOPPE
United States Magistrate Judge