# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON, | Case No. 2:16-cv-00622-RFB-NJK |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO RECUSE |
| CITIBANK, N.A., INC., | |
| Defendant. | (Docket No. 40) |

On January 12, 2018, Plaintiff filed an affidavit in support of recusal. Docket No. 40. While the affidavit does not specifically seek relief, Plaintiff submitted a letter to the Court on January 28, 2018, in which he submits that he filed an opposition to the undersigned's participation in the instant case "months ago." Docket No. 43 at 3. Accordingly, the Court will construe Plaintiff's affidavit as seeking recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts construe *pro se* filings liberally).

The substantive standard for recusal under both Sections is the same: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). Ordinarily, any alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

| | |
|---|---|
| 1 | deep-seated favortism or antagonism that would make fair judgment impossible." *Id.* at 555. |
| 2 | Plaintiff asserts that the undersigned's act in granting Defendant's request for a 30-day extension |
| 3 | to the dispositive motion deadline on the day it was filed without a response from Plaintiff is "another |
| 4 | sign of [undersigned's] incompetence." Docket No. 40 at 2. Unhappiness with a judge's rulings is not |
| 5 | ground for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior |
| 6 | adverse ruling is not sufficient cause for recusal"). |
| 7 | Accordingly, Plaintiff's request for the undersigned to recuse, Docket No. 40, is **DENIED**. |
| 8 | IT IS SO ORDERED. |
| 9 | DATED: February 1, 2018. |

_____
NANCY J. KOPPE
United States Magistrate Judge