UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON, | Case No. 2:16-cv-00622-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| CITIBANK, NA.; JEFFERSON CAPITAL SYSTEMS, LLC, | |
| Defendant. | |

## I.     INTRODUCTION

Before the Court is Defendant Citibank's Motion to Dismiss.  ECF No. 46.  Because Defendant filed its Motion to Dismiss after filing its Answer, ECF No. 28, the Court treats the filing as a motion for judgment on the pleadings pursuant to Rule 12(c) or 12(h)(2).  MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006).  For the reasons stated below, the Defendant's motion is GRANTED in part and DENIED in part.

## II.     BACKGROUND

Plaintiff filed his Second Amended Complaint on September 15, 2016.  ECF No. 12. Plaintiff asserts the following claims against Citibank[1]: a.) Count I: violation of the Fair Credit Reporting Act ("FCRA") for "obtaining Plaintiff's consumer report without a permissible purpose;" b.) Count II: violation of the Fair Debt Collection Practices Act ("FDCPA") for falsely

---

[1] Plaintiff settled his claim against Defendant Jefferson Capital Systems on September 26, 2016, and the Court granted the Stipulation of Dismissal with Prejudice on October 10, 2016. ECF Nos. 13, 16.

representing the character of a debt and seeking to collect an amount of debt not properly authorized; c.) Count III: violation of the Nevada Deceptive Practices Act by attempting to collect on a non-existent debt; and d.) Count IV: violation of the Telephone Consumer Protection Act ("TCPA") through the use of an automatic telephone dialing system to call Plaintiff without having a business relationship with Plaintiff.

On March 31, 2017, the Court found that Plaintiff had not yet served Citibank and ordered service within 30 days. ECF No. 25. Plaintiff served Citibank on April 17, 2017. ECF No. 27. Citibank filed an Answer on May 5, 2017. ECF No. 28.

On February 12, 2018, Citibank filed the motion at issue. ECF No. 46. Citibank argues that Plaintiff's Complaint fails to state a claim as to Counts I, II, and IV.

### III. LEGAL STANDARD

As discussed above, the Court applies the standard applicable to a motion for judgment on the pleadings. "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). The Court accepts the allegations of fact of the opposing party as true and the denied allegations of the moving party as false. Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967). "Only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion be granted." Id. Because Plaintiff is pro se, his Complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

### IV. DISCUSSION

#### a. Count I: FCRA

Under FCRA, a consumer report may only be obtained for an authorized purpose. 15 U.S.C. §1681b(f)(1). Plaintiff alleges that on December 1, 2013, Citibak willfully obtained

/ / /

Plaintiff's credit report without a permissible purpose from two different credit reporting agencies. Accepting these allegations as true, Citibank is not entitled to judgment on the pleadings.

Citibank argues that because Plaintiff acknowledges in his Complaint that Jefferson Capital Systems was attempting to collect a debt on behalf of Citibank from Plaintiff, Plaintiff cannot inconsistently argue that Citibank had no proper purpose for any credit pulls. But Plaintiff also alleges that the underlying debt is non-existent, which would be consistent with an improper credit pull even if Defendants were seeking to collect a debt.

### b. Count II: FDCPA

The relevant provisions of the FDCPA proscribe the activities of a "debt collector," defined in the FCRA as follows: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Citibank argues that because it is a creditor, it is not a debt collector as a matter of law. Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA.").

Plaintiff states that Citibank is a "debt collector" as defined by FCRA. But in his explanation of the facts, Plaintiff alleges that Jefferson Capital was attempting to collect a non-existent debt against Plaintiff on behalf of Citibank. The alleged facts necessarily make Jefferson Capital the debt collector and Citibank the creditor under the applicable statute. On the facts admitted, Plaintiff cannot prevail in a FDCPA claim against Citibank, and Citibank is thus entitled to judgment on the pleadings.

### c. Count IV: TCPA

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1). Plaintiff alleges that Citibank used an automatic telephone dialing system to call Plaintiff's number sixteen times from September 9, 2016 through September 14, 2016.

Plaintiff alleges that in response to the first call, he selected an opt-out option by pushing "2," but that the fifteen other calls nevertheless followed.

Citibank argues that Plaintiff failed to state why he believes the calls were form Citibank or to explain the nature of the calls. But Plaintiff's allegation that the calls were from Citibank must be accepted as true, and Plaintiff need not make any allegations as to the nature of the calls given his allegation that Citibank had no business relationship with Plaintiff.

Citibank identifies that Plaintiff failed to plead that the alleged calls were to a cellular telephone number and that Plaintiff alleges he "used electricity to receive the calls and access his voicemail." Because cell phone batteries are charged via electricity, the Court will not rule out the possibility that Plaintiff's Complaint references a cellular device. However, Plaintiff needs to affirmatively allege that he received the calls at his cellular telephone number in order to state a claim under the TCPA. The Court grants Plaintiff leave to amend his complaint to specify that he received the calls on his cellular phone.

## V.    CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss, construed as a Motion for Judgment on the Pleadings, is **GRANTED** as to Count II with prejudice and as to Count IV without prejudice. (ECF No. 46). Counts II is dismissed with prejudice accordingly. Counts I and Count III shall proceed in their current form.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Third Amended Complaint, if any, no later than October 19, 2018. If no Amended Complaint is filed by this date, Count IV will be dismissed with prejudice.

DATED: September 30, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**