# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON,<br><br>        Plaintiff,<br><br>v.<br><br>CITIBANK, NA.,<br><br>        Defendant. | Case No. 2:16-cv-00622-RFB-NJK<br><br>**ORDER** |

    In response to the Plaintiff's filing of the "2nd and Final Notice of Fault and Opportunity to Cure" [ECF No. 79], the Court dismisses this action with prejudice as a sanction for the Plaintiff disregarding this Court's order and authority.

    The Court had previously and explicitly warned Plaintiff not to file documents purporting to carry legal dispositive legal authority. On August 15, 2018, Plaintiff filed a document, "Writ of Error," that purported to be an order from this Court. On September 14, 2018, Plaintiff filed a document, "Notice by Court Order" which also purported to be some type of order of the Court. The Court struck both of these documents on September 30, 2018. [ECF No. 74] In its Order the Court explicitly warned Plaintiff that if he filed any other documents purporting to have the authority of this Court that his case would be dismissed. Nonetheless, on October 15, 2018, Plaintiff filed a document entitled "2nd and Final Notice of Fault and Opportunity To Cure." [ECF No. 79]. This documents purports to be an order of "Fault" which "settles [Plaintiff's] demand in

my favor." This is precisely the type of document that the Plaintiff was warned not to file.

The Court recognizes that "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) (citation omitted). In applying the five-factor test set forth by the Ninth Circuit, the Court finds that this case presents the extreme circumstances warranting dismissal. Id. at 1260-61 ("In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"). The Court finds that these factors weigh in favor of dismissal. First, the Court finds that the Plaintiff's continued filing of erroneous, irrelevant and improper documents has and will delay the litigation and resolution of this case on the merits. Second, the Court cannot effectively manage its docket with the Plaintiff's erroneous and improper filings. Third, the Defendants are prejudiced by the delay in the litigation and by the nonresponsive and irrelevant filings of the Plaintiff. Fourth, the Court finds that there are no less drastic alternatives, since Plaintiff filed the latest document even after being warned about a possible dismissal for any additional improper filings. The Court therefore finds dismissal to be appropriate in this case.

The Court also rejects the Plaintiff's request that it recuse itself. [ECF No. 76] The Plaintiff has not identified an extrajudicial basis for such recusal. Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988). Bias cannot arise from a disagreement with a court's rulings in a case. Id.

/ / /

/ / /

Accordingly,

IT IS ORDERED that this case is dismissed with prejudice. The Clerk of Court is instructed to close this case.

IT IS FURTHER ORDERED that all outstanding motions are denied as moot.

DATED this 17h day of December, 2018.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**