# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON, | Case No. 2:16-cv-00622-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| CITIBANK, NA., | |
| Defendant. | |

Before the Court is Plaintiff's Affidavit in Support of Relief from Judgment Made in Violation of Due Process, which the Court construes as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. ECF No. 86. The Court finds no basis for relief and therefore denies Plaintiff's motion.

On September 30, 2018, the Court issued an Order striking from the docket two filings by Plaintiff that improperly purported to carry dispositive legal authority. ECF No. 74. The Court ordered that "if Plaintiff files ANY other such documents in this record, his case may be dismissed with prejudice as a sanction for seeking to usurp this Courts inherent authority and for perpetuating a fraud on the Court and the parties in this action." Id. On October 15, 2018, Plaintiff filed a document entitled "2nd and Final Notice of Fault and Opportunity To Cure," which purports to be an order of "Fault" which "settles [Plaintiff's] demand in my favor." ECF No. 79. On December 17, 2019, the Court issued an Order dismissing this case with prejudice as a sanction, finding that

the document at ECF No. 79 was "precisely the type of document" that Plaintiff had been warned not to file. ECF No. 84. The Court applied the five-factor test set forth by the Ninth Circuit and found that the factors weighed in favor of dismissal. Id.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve the parties from its summary judgment order on various grounds, including the Court's mistake and any other reason that justifies relief. See Fed. R. Civ. P. 60(b). Plaintiff presents no argument that justifies relief from judgment in this case. Plaintiff argues that the Court could not issue judgment because it lacked subject matter jurisdiction. The Court does not agree, though even if this were true, dismissal and case closure would be the appropriate outcome. Plaintiff also argues that the Court's judgment violates due process. The Court agrees that its use of sanctions "is tempered by the requirements of due process." United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980). However, the Court provided notice and an opportunity to be heard to Plaintiff when it issued an order expressly stating that additional filings purporting to be orders of this Court would result in case-terminating sanctions. When Plaintiff disregarded this order and continued to usurp the Court's authority, the Court had the legal authority to issue case-terminating sanctions. See Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986), cert. denied, 479 U.S. 829 (1986). Plaintiff identifies no error in the Court's factual findings or legal analysis, nor any other reason justifying relief from judgment in this case.

Therefore, IT IS ORDERED that Plaintiff's Affidavit in Support of Relief from Judgment Made in Violation of Due Process (ECF No. 86) is DENIED.

DATED this 30th day of August, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**